Carlin v. Haynes.

JED CARLIN, Respondent, v. W. G. HAYNES, Appellant.

St. Louis Court of Appeals, March 1, 1898.

Evidence: PRACTICE. A party to a suit can not invite error, consent to error, on the trial of a cause and afterward be heard to complain that the court erred in permitting him to do so.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

THOS. CARLIN for respondent.

Appellant assigns as first error: The court erred in permitting irrelevant and incompetent testimony on behalf of plaintiff. This was an action at law, in no way connected with partnership transactions. No part of plaintiff's cause of action accrued during the partnership between plaintiff and defendant. Defendant admitted that he purchased the wheat before the formation of the partnership, and that he borrowed the money after its dissolution. These two items covered plaintiff's cause of action. The only testimony relative to partnership matters, admitted by the trial court concerned items set up in defendant's counterclaim and the claimed payment for the wheat,

and the defendant first adduced testimony to support
them, hence it does not lie in his mouth to complain of
an error that he himself caused the court to commit,
if it be error; and if it was error, then it was harmless,
because in the specific findings of fact the judgment
clearly shows that the court did not into consideration
any of the partnership matters.   It is true defendant
objected to plaintiff testifying that certain items con-
tained in defendant's counterclaim pertained to part-
nership transactions; but this was competent evidence
and properly admitted.   An unsettled partnership
account between plaintiff and defendant can not be
pleaded as a counterclaim to an action at law.   Ber-
thold v. O'Hara, 121 Mo. 88.   One partner may main-
tain an action at law against the other partners or any
of them, for moneys advanced, or paid, or contributed
at their request, for their separate and distinct account
and benefit.   Story on Partnership [4 Ed.], p. 352,
sec. 219.   See, also, Berthold v. O'Hara, 121 Mo. 88.
Appellant assigns as second error:   The finding of the
court was against the undisputed evidence.  Defendant
admits purchasing the wheat prior to the partnership
between plaintiff and defendant, and that he borrowed
the money after its dissolution, but insists that he paid
for the wheat by transferring stock in the mill and an
account against Gladden to the use and benefit of the
firm of which he was a member, the testimony of
defendant is conflicting as to his asserted payment,
and the payment is positively denied by the plaintiff.
It is shown by the evidence of plaintiff that in an
effort to arrive at a partnership settlement, the amount
of the mill stock was claimed as a credit due defendant
on the partnership account, and this fact is not contro-
verted by defendant.   Where there is a substantial con-
flict in the evidence as to the only issue presented, the
appellate court is precluded from interfering with the

judgment.   Thompson v. Oth, 67 Mo. App. 643.   The
court found for the plaintiff the amount of his claim,
$199, less $98.20 found due defendant on his counter-
claim.   The testimony of defendant amply supports
the judgment.   A jury being waived, the court was
the sole judge of the credibilty of witnesses.   No dec-
larations of law were asked, no error was committed,
and the judgment ought to be affirmed.

J. B. McGuffin and Joe French for appellant.

Under the first error complained of it is main-
tained by appellant that the court erred in permitting
the plaintiff over objections of defendant to enter into
the partnership matters which it was conceded had
never been settled between plaintiff and defendant.
See evidence of plaintiff Jed Carlin, page —.   A jus-
tice of the peace has no jurisdiction of an action of
one partner against another in respect to partner-
ship matters, prior to a settlement between them.
Newberger v. Freede, 23 Mo. App. 631.   It is settled
law that an action of one partner against another, or
an unsettled account is purely an equitable action and
a justice of the peace has no jurisdiction.   Rankin v.
Fairly, 29 Mo. App. 587.   It is not pretended that
there had ever been any settlement of the partnership
matters between plaintiff and defendant, and the court
erred in permitting plaintiff to introduce evidence of
the partnership matters.   Since the circuit court tried
the case and had no right to admit testimony other
than would have been admissible before the jus-
tice   It is clearly apparent that the invoice of stocks
in the mill taken at the time of the formation of
the partnership went to pay for the wheat or any
prior indebtedness that Haynes might owe Carlin.
This fact is still more clearly demonstrated and proven

by the statement or balance sheet furnished by Carlin's attorney to Haynes before commencement of this suit. See statement on page — abstract. No mention is made of this wheat indebtedness. Under the second error complained of the court evidently committed error in his finding, the same being against the clear evidence in the case. And we are at a loss to know upon what theory, or course of reasoning the court rendered judgment against the defendant in this case. When we follow the evidence of both the plaintiff and the defendant, no such verdict can be arrived at, and all the evidence being preserved the appellate court will interfere to correct such errors. There is no evidence to support the finding of the court. The judgment is for the wrong party and should be reversed.

BLAND, P. J.—This suit originated before a justice of the peace on the following account:

Purdy, Mo., Jan. 19th, 1897.

W. G. Haynes to Jed Carlin,                                      Dr.

| | |
|---|---|
| To 186 bushels and 21 lbs. wheat at 80 cents per bushel, May 27th, 1895.. .. ............... .. ........... ...............$149.00 | |
| To interest on same from May 27th, 1895...................... | 14.00 |
| To money loaned December 7th, 1895..... .................... | 50.00 |
| To interest on same........................ .................... | 3.25 |
| | $217.15 |

After taking a change of venue the defendant filed a counterclaim of $140 for chopped feed, drayage and hauling, and for accounts assigned by the defendant to plaintiff. Plaintiff recovered judgment before the justice, from which defendant appealed to the circuit court. In the circuit court the cause was tried before the court without a jury. Plaintiff again recovered judgment, from which, after an unsuccessful motion for new trial defendant appealed.

On the trial the defendant admitted that he purchased $149 worth of wheat on May 27, 1895, and

that he afterward borrowed $50 in money of him. On these admissions plaintiff rested his case. The defendant to sustain his counterclaim testified that on August 1, 1895, he and the plaintiff went into partnership in the mill business, and that when the partnership was formed he paid plaintiff $138.48 in stock in the mill, and that he had let plaintiff have mill feed and done hauling for him and transferred to him account from February 8, 1896, to September 8, 1896, amounting to $136, no part of which had been paid. The witness went into the terms of the partnership, giving invoice of stock, etc., on hand and stated that the wheat he got from plaintiff was paid for by stock in the mill, and further showed that a great part of his counterclaim arose out of the partnership business, which it appears has never been settled.

The court seems to have taken into consideration all matters in dispute between the parties and found on an adjustment of their individual and partnership accounts that defendant owed the plaintiff $100.80. The defendant complains of this action here. It is well settled that an action at law by one partner against another on an unsettled partnership account will not lie. The plaintiff's account is not such an action. The wheat was sold to defendant before the partnership was formed, and the $50 was loaned to him after it was dissolved. It was the defendant who introduced by his counterclaim and by his evidence the unsettled partnership affairs between plaintiff and defendant, and this, too, over the objections of plaintiff. A party to a suit can not invite error, consent to error on the trial of a cause and afterward be heard to complain of such error on appeal. He can not introduce irrelevant evidence and afterward complain that the court erred in permitting him to do so. The finding of the circuit court is not

ERROR invited.

unsupported by the testimony in the case, as contended by appellant; on the contrary, we think the judgment under the evidence is for the right party, and we affirm it. All concur.