# GEORGE M. McCAULEY, Appellant, v. J. J. BROWN, Respondent.

## Kansas City Court of Appeals, May 11, 1993.

1. **Trial Practice: NONSUIT: SUBMISSION: ADDITIONAL IN-STRUCTION.** After a jury had reported a disagreement, the court gave an instruction for a three-fourths verdict, and plaintiff asked to take a nonsuit which was refused: *Held*, proper, since the instruction did not affect any right of plaintiff and in nowise interfered with the submission.

2. **Appellate Practice: INVITED ERROR: INSTRUCTIONS.** Where plaintiff's instructions contain the same proposition that defendant's does, he can not complain thereof.

3. **Deceit: BANKS AND BANKING: DIRECTOR'S DUTY: IN-STRUCTION.** The mere neglect of the director of a bank to discharge his duty and inform himself as to the condition of the bank, does not conclude him on a charge of willful fraud in misrepresenting the value of his stock in a trade for a farm, and an instruction subject to such construction is condemned.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*I. W. Boulware* and *D. P. Bailey* for appellant.

(1) A suit is not submitted until all instructions are given and the jury retires to consider of their verdict. Wood v. Nortman, 85 Mo. 298; Waterworks v. School District, 23 Mo. App. 227; Hensley v. Peck, 13 Mo. 587; Templeton v. Wolf, 19 Mo. 101; Benoist v. Murrin, 48 Mo. 52; Martin v. Fewell, 79 Mo. 401; Mayer v. Olds, 51 Mo. App. 214; Wood v. Woodmansee, 84 Mo. App. 328; Wilson v. Stark, 42 Mo. App. 376; Lawrence v. Shreve, 26 Mo. 492. (2) The court erred in not giving to the jury

Vol 99 app—40

instructions numbered 5, 6, 7 and 8, as asked by plaintiff. The fifth instruction told the jury the law presumes that defendant as director of the bank knew its financial condition and the nature, character and value of its assets, and that he could not take advantage of his want of such knowledge and information in this suit. Smith v. Richer, 1 Mo. App. 499; McDaniel v. Harvey, 51 Mo. App. 198; Roan v. Winn, 93 Mo. 510-511, and authorities cited; Stephenson v. Smith, 5 Mo. 617; Leairt v. LaForce, 71 Mo. 353; R. S. 1899, sec. 1296; Bishop on Non-Contract Law, sec. 327, p. 138; secs. 326, 333, p. 141. (3) The motive on the part of Brown is immaterial if he made false statements and misrepresentations knowingly. (He did know for he was a member of the board of directors.) If injury results from such false statements, then defendant is liable. Anslyn v. Frank, 11 Mo. App. 598; Scott v. Haynes, 12 Mo. App. 597. (4) In this case, the defendant being a member of the board of directors, knew all the facts and plaintiff knew nothing. Barr v. Baker, 9 Mo. 840, and 99 Mo. 564.

*David H. Harris* for respondent.

(1) Appellant complains of the instructions given by the court in behalf of respondent, in which the jury are told that before they can find for plaintiff they must find that plaintiff in making the trade relied solely and wholly upon statements of defendant as to the value of the stock. We do not deem it necessary to discuss the correctness of this proposition of law for it was upon this theory that plaintiff brought his action, and an instruction to this effect was asked by him and given by the court. Christian v. Ins. Co., 143 Mo. 460; Peck & Co. v. Metal Roofing Co., 70 S. W. 169; Berkson v. Railroad, 144 Mo. 211; Drug Co. v. Self, 77 Mo. App. 284; Christian v. Ins. Co., 143 Mo. 460; Sowden v. Kessler, 76 Mo. App. 581; Plummer v. Milan, 79 Mo. App.

439; Harris v. Hay, 53 Mo. 90. (2) Where it appears that the party complaining in fact acted upon his own judgment, or that he sought information from other sources to verify the statements made to him, he can not afterwards claim that a deceit was practiced by the party originally making the misrepresentations. Anderson v. McPike, 86 Mo. 293; Warren v. Ritche, 128 Mo. 311; Bank v. Hunt, 76 Mo. 439; Jolliffe v. Collins, 21 Mo. 338; Brooking v. Shinn, 25 Mo. App. 277; Redpath v. Lawrence, 42 Mo. App. 101. (3) A submission is final so as to preclude a right to dismiss, when nothing remains to be done to render it complete. 6 Ency. of Plead. and Prac., p. 480, and authorities there cited. It makes no difference if the jury had returned and heard the instructions re-read; it is then too late to take a nonsuit. McClelland v. Railroad, 94 Ind. 276; R. S. 1899, sec. 639; State v. Pierce, 136 Mo. 34; Cattell v. Pub. Co., 88 Mo. 356; Doran v. Ryan, 81 Wis. 63; Real v. People, 42 N. Y. 270; 6 Am. and Eng. Ency. Law (2 Ed.), p. 909; Reed v. Reed, 39 Mo. App. 474; Brewing Co. v. Smith, 59 Mo. App. 476; Hess v. Ins. Co., 21 Mo. 93.

ELLISON, J.—This action is for damages which plaintiff alleges he suffered by reason of defendant's alleged fraudulent conduct in trading to him bank stock for a farm. The judgment was for defendant.

It appears that defendant was the owner of twenty shares of bank stock, in a bank of which he was a director, of the par value of $100 per share, and that he traded it to plaintiff at $150 per share for the latter's farm, said to be worth $3,000. There was evidence tending to support the theory of either party. After the case had been submitted to the jury and had been deliberated upon for more than a day, the court, on learning of them that they could not agree, gave an instruction informing them that in case nine of their number agreed, they could return a verdict. On plaintiff becoming aware

that the court was about to give such instruction, he offered to take a nonsuit, which was disallowed.

As a plaintiff may take a nonsuit at any time before the cause is finally submitted to the jury and not afterwards (section 639, Revised Statutes 1899), the question here is, was the cause not finally submitted to the jury until the instruction was given informing them that three-fourths of their number might make a verdict? We are of the opinion it was finally submitted, in the sense of the statute, before that instruction was given. The instruction involved no issue, for the reason that it involved no hypothesis of fact. The cause had been finally submitted, that is to say, all matters which the jury were to determine had been submitted, and the instruction in question in nowise interfered with that submission. It did not affect any right of plaintiff, for if nine of the jury had agreed or could agree upon a verdict for either party, the other would have no right to a mistrial. If an instruction, though formal, is given after a case has been once submitted and involves or affects some issue in the cause, or might affect the mind of the jury in arriving at conclusions on any of the issues submitted to them, there might then be reason for saying the case had not, until then, been finally submitted. We think the court's action in refusing the nonsuit was proper.

The only other question presented relates to the instructions. There was given at defendant's instance one or more instructions declaring that his representations of value of the stock must have been the sole cause of inducing plaintiff to make the trade. Conceding this to have been wrong, it was an error first proffered by plaintiff, since his first instruction contains the same proposition. In such situation he can not complain. Christian v. Ins. Co., 143 Mo. 460; Carlin v. Haynes, 74 Mo. App. 34.

Some instructions were rightly refused for plaintiff for the reason that the substance of them had been

McCauley v. Brown. .

embodied in those given for him. At his request the court instructed that in determining whether defendant knew the real value of the stock, the jury could consider the fact that he was, and had been for a long time, a member of the board of directors of the bank, and as such had full opportunity to know the real value of the stock. The jury were also instructed that one of defendant's duties, as director of the bank, was to examine and learn its financial condition and the value of its assets. These certainly covered all that plaintiff should ask. But plaintiff asked the following further instruction: "The court instructs the jury that it was the duty of Brown, as a director of said bank, to inform himself as to the financial condition of said bank, the nature, character and value of its assets, and if he failed and neglected so to do, then he can not profit by reason of such failure and neglect, nor use this fact to the injury of McCauley in this suit."

The precise meaning of that instruction is not clear. If it was meant to declare that defendant's neglect as a director to inform himself of the true value of the stock made him liable in this action, it was not proper. The charge against defendant is that he cheated plaintiff in a trade of his bank stock for plaintiff's farm by fraudulently representing its value, and defendant's mere neglect to discharge his duty as a director ought not to be held to conclude him on a charge of willful fraud. The court, as just stated, had already instructed that plaintiff's relation to the bank could be considered on the question whether he really knew the stock not to be of the value represented and had informed the jury that it was his duty to know. A man's neglect of duty in one behalf does not make him guilty of affirmative fraud in a distinct transaction.

An examination of the entire record fails to show anything justifying us in interfering with the judgment so it is accordingly affirmed.

*Broaddus, J.,* concurs; *Smith, P. J.,* not sitting.